**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 19-451 (KM) |
| v. | |
| **ICXANDRO SANTIAGO** | **MEMORANDUM and ORDER (Amended)** |

Defendant Icxandro Santiago (by counsel, Lorraine S. Gauli-Rufo, Esq.) has filed an omnibus pretrial motion (DE 17), the government has filed a response (DE 19), and the defendant, *pro se*, has filed a supplemental motion for discovery (DE 20). All of the motions but one are decided without further discussion, for the reasons stated on the record at oral argument on August 27, 2019.

**IT IS** this 28th day of August, 2019,

**ORDERED** as follows:

1. Decision on the motion for disclosure of a confidential informant is **RESERVED** pending the court's review of an *in camera* submission. On this issue, the seminal cases are *Roviaro v. United States*, 353 U.S. 53 (1956), *United States v. Bazzano*, 712 F.2d 826 (3d Cir. 1983), and *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). The government possesses a qualified privilege to withhold the identify of persons who provide information about crimes. That privilege gives way, however, "[w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." At oral argument, defense counsel proffered that her client was "set up," probably by one of the persons occupying premises

where the defendant and the drugs in question were found. On the record now before me, I cannot determine whether disclosure of the informant's identity would be relevant and helpful to the defense. I will therefore require that the prosecution furnish a copy of any reports or other information the government possesses relating to this informant and the information he or she supplied. The information shall not be docketed, but shall be delivered to my chambers in a sealed envelope on or before **September 10, 2019.**

2. The motion for additional Rule 16 discovery is DENIED in that the government appears to have furnished what is required. The government is directed, however, to re-check whether the local authorities possess any relevant pretrial statements of the defendant, and is cautioned that any statement not produced will not be permitted to be used at trial in any manner. The defendant's *pro se* requests for grand jury transcripts is likewise denied, because the necessary predicate showing has not been made.

3. The motion for disclosure of Rule 404(b) material is GRANTED to the extent that the government shall produce (or if it has already been produced, identify) any Rule 404(b) material on which it intends to rely, 10 days before trial at the latest.

4. The motion for early disclosure of *Jencks* material is DENIED based on the bar of 18 U.S.C § 3500. The government is directed, however, to produce all *Giglio* material 10 days before trial, and counsel has voluntarily committed to produce *Jencks* material simultaneously.

5. The motion for leave to file additional motions is GRANTED to the extent that such motions may be filed if and as they become necessary in light of developments in the case.

6. Counsel shall confer between themselves and with the court's deputy clerk, and shall set a trial date in November 2019. The court finds that the interim period is reasonably necessary to dispose of a remaining motion and for the parties to prepare for trial or other disposition of the case. When the date is set, the parties shall furnish an agreed continuance order.

7. Proposed jury charges and voir dire questions shall be furnished 10 days in advance of trial.

_____
KEVIN MCNULTY, U.S.D.J.